The Honorable Preston Scroggin State Representative 59 Marshall Road South Vilonia, Arkansas 72173-9335
Dear Representative Scroggin:
I am writing in response to your request, on behalf of the Arkansas Sheriffs' Association, for an opinion concerning A.C.A. § 5-66-103, which prohibits the keeping of gambling houses. Subsection (b) of the statute provides as follows:
 (b) If any sheriff or deputy sheriff knows or is informed that a gambling house is being operated or that any person is engaged in the exhibiting of a gambling device within his county, it shall be his duty to immediately proceed to the place where such gambling house is located and arrest the person engaged in running or operating the gambling house and to bring such person before some magistrate or court having jurisdiction to examine into the matter; and upon such sheriff, or deputy sheriff, failing to comply with the provisions of this subsection, he shall be deemed guilty of a misdemeanor and shall be fined in any sum not less than one hundred dollars ($100) and shall be discharged from office.
Your question pertains to the constitutionality of this statute. Specifically, your question notes that "[f]rom the language of the statute, the probable cause requirement from the Fourth Amendment has been left out. The statute actually commands a Sheriff or Deputy to make an immediate warrantless arrest when he is told or informed about a suspected gambling operation. The Sheriffs' Association believes that any valid arrest requires that probable cause be present before or after an arrest can be made."
RESPONSE
I must respectfully decline to answer your question as it is the subject of pending litigation. See State v. Edward Fontaine (CR-2003-659-1, Jefferson County Circuit Court). In recognition of the judiciary's independent constitutional role, it has long been the Attorney General's policy, as an officer in the executive branch of government, to refrain from rendering opinions on matters that are pending before the courts for determination. Any opinion issued by my office would constitute executive comment on matters that are properly before the judicial branch. I am thus unable at this time to render an opinion in response to your question. The issues you have raised are properly before the judicial branch and must be resolved in that forum.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh